IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHARMAINE PRESSLEY,** : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVL ACTION NO. 19-CV-4981** |
| : | |
| **CAPITAL ONE,** : | |
| **Defendant.** : | |

**MEMORANDUM**

**RUFE, J.**                                                                       **NOVEMBER   , 2019**

*Pro se* Plaintiff Charmaine Pressley brings this action by way of a Complaint against Capital One. Pressley has also filed a Motion to Proceed *In Forma Pauperis*. Because it appears that she is unable to afford to pay the filing fee, the Court will grant Pressley leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Pressley will be granted leave to file an amended complaint to attempt to cure the defects noted by the Court.

**I. FACTS**

Pressley uses the Court's preprinted form and identifies the Fair Credit Reporting Act ("FCRA") as the basis for her claim. (ECF No. 2 at 2.)[1] She alleges that the facts giving rise to her claim occurred in 2018 and 2019. (*Id.* at 3.) Instead of providing a narrative description of the factual basis of her claim, she refers to a two-page attachment consisting of conclusory allegations that parrot the language of the Fair Debt Collection Practices Act ("FDCPA") and the FCRA. (*See id.* at 5-6.) Therein, Pressley broadly alleges that Capital One reported false and inaccurate information to the three major credit bureaus; harassed, oppressed, and abused her in

---

[1] The Court adopts the pagination assigned by the CM/ECF docketing system.

an effort to collect a debt by mail; repeatedly and continuously called her; falsely represented the character, amount, and legal status of the debt in issue; falsely represented that it could arrest Pressley as a result of the debt; used false or deceptive means to collect the alleged debt or obtain information about Pressley; and knowingly violated the FDCPA and FCRA. (*Id.* at 5.) Additionally, Pressley alleges that the three major credit reporting agencies conducted an investigation and found that Capital One had reported false and inaccurate information, yet Capital One continued to harass Pressley through the mail. (*Id.* at 6.) Pressley alleges that Capital One's conduct also constituted an invasion of privacy. (*Id.*) She alleges she has suffered "serious injuries, damages and harm," and requests compensatory and punitive damages and such other relief as is permitted. (*Id.*)

Pressley does not allege any facts describing the actions giving rise to her claim. For example, Pressley does not (1) identify the nature or amount of the debt at issue; (2) state whether she disputed the debt; (3) identify the date, time and form of communications she received from Capital One; or (4) identify any accounts that reflect inaccurate information about her. She does not describe the nature of her damages. (*See id.*)

## II. STANDARD OF REVIEW

The Court will grant Pressley leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

2

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Pressley is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit recently explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise

3

unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III. DISCUSSION

Pressley's reliance on the statutory language of the FDCPA and the FCRA suggests that she seeks to bring claims under both statutes, though she identifies only the FCRA on her preprinted form Complaint. The FDCPA prohibits debt collectors from making false, deceptive or misleading representations to collect a debt. *See* 15 U.S.C. § 1692(e). "To state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA." *Johns v. Northland Group, Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014) (citing *Donohue v. Reg'l Adjustment Bureau, Inc.*, Civ. A. No. 12-1460, 2013 WL 1285469, at *3 (E.D. Pa. Mar. 28, 2013) (citing 15 U.S.C. § 1692a-o)). "A claim under the FDCPA 'may be brought . . . within one year from the date on which the violation occurs.'" *Glover v. F.D.I.C.*, 698 F.3d 139, 148 (3d Cir. 2012) (quoting 15 U.S.C. § 1692k(d)). In the context of FDCPA claims, "communications from lenders to debtors [are analyzed] from the perspective of the 'least sophisticated debtor.'" *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011). The purpose of that standard is "to ensure that the FDCPA protects all consumers, the gullibles as well as the shrewd." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (quoting *United States v. Nat'l Fin Servs.*, 98 F.3d 131, 136 (4th Cir. 1996)). However, "although this standard protects naïve consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and

4

presuming a basic level of understanding and willingness to red with care.'" *Id.* at 354-55 (quoting *Nat'l Fin. Servs.*, 98 F.3d at 136).

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) ("The FCRA is intended 'to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner.'") "To state a claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that '[s]he filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of the information failed to investigate and modify the inaccurate information.'" *Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 918 (E.D. Pa. 2019) (quoting *Harris v. Pa. Higher Educ. Assistance Agency*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b), 1681n & 1681o.

Pressley's Complaint does not include sufficient factual allegations to establish the elements of a cause of action under either the FDCPA or the FCRA. Without specific facts, including but not limited to: (1) the nature of the debt; (2) the amount of the debt; (3) the dates and times Pressley was contacted regarding the debt; and (4) the method and content of these communications, Pressley has not stated a plausible claim under the FDCPA. Similarly, with respect to Pressley's FCRA claim, she has not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she

filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information. Pressley merely repeats the language of the relevant statutes but does not provide facts to establish her right to relief under them. Moreover, the Complaint does not comply with Rule 8, because it does not provide enough information to put Capital One on sufficient notice to prepare a defense, nor does the Complaint adequately inform the Court of the issues that need to be determined in this matter. Accordingly, the Court will dismiss the Complaint. However, Pressley will be granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order. Any amended complaint should clearly describe the factual basis for Pressley's claims against Capital One.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Pressley leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice pursuant to 28 U.S.C. § 1915€(2)(B)(ii) for failure to state a claim. The Court will, however, grant Pressley leave to amend her Complaint to attempt to cure the defects identified herein. An appropriate Order accompanies this Memorandum.

BY THE COURT:

CYNTHIA M. RUFE, J.

6